IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| CONNIE COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:07-0018 |
| ) | Judge Trauger |
| FAIRFIELD GLADE, INC., now known as ) | |
| Wyndham Vacation Resorts, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion to Dismiss For Failure to Prosecute or Alternatively to Compel Discovery And For Sanctions (Docket No. 14), to which the plaintiff has responded (Docket No. 18).

The court looks to four factors in determining whether to dismiss a case as a discovery sanction:

(1) whether the parties' failure to cooperate in discovery is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (internal citations omitted).

This case was removed by the defendant from the Circuit Court for Cumberland County,

1

Tennessee on April 25, 2007. (Docket No. 1) Plaintiff's counsel was immediately notified that the initial case management conference was scheduled for June 20, 2007 before District Judge Trauger. (Docket No. 4) On May 2, 2007, plaintiff's counsel, Kent L. Booher, was notified by the Clerk of the necessity to comply with Local Rules for admission *pro hac vice* or to practice before this court generally. (Docket No. 6) Plaintiff's counsel not only did not pursue either option prior to the initial case management conference, held on June 20, 2007, but he neither appeared nor notified the court or defense counsel that he was not going to appear. Because defense counsel had appeared, the court contacted Mr. Booher and conducted the initial case management conference telephonically as a courtesy, despite the fact that the court requires that a motion be filed in order for a counsel to appear telephonically at the initial case management conference. Mr. Booher informed Judge Trauger that he was not yet admitted to practice in this case and that he would be associating a Cookeville attorney to help him in this case. Judge Trauger (not the "magistrate," as asserted by plaintiff's counsel in Docket No. 18 at 2) instructed Mr. Booher to secure admittance to practice in this case as soon as possible.

     Instead of securing permission to practice in this particular case under Local Rule 83.01(d), as suggested by Judge Trauger, Mr. Booher undertook to have himself admitted to practice generally in this court pursuant to Local Rule 83.01(c), which he did not secure until early October 2007, some five months after removal of the case to this court. His excuse that the "Plaintiff was not in the state of Tennessee and could not be contacted about this issue until July 5, 2007" (Docket No. 18 at 2) is without merit, as telephone contact could have been made with the client. Likewise, the litany recited by Mr. Booher in his response as to the trouble he had getting two people to sign his application for admission to the court and then having someone introduce him to the court ring hollow, as this is not a burdensome process in this court

and, in any case, he chose this option rather than admission *pro hac vice*.

The affidavits of Mr. Booher and his secretary/wife do not justify the course of conduct engaged in by plaintiff's counsel. Defense counsel did contact Mr. Booher's office on at least two occasions, and his messages were apparently passed on to Mr. Booher, who did not respond to them. In addition, in this day and age, defense counsel's failure to respond to e-mail messages from opposing counsel "until the end of the work week" (Docket No. 18 at 3) hardly counts as diligent attention to one's client's affairs.

Although the furnishing of initial disclosures by plaintiff's counsel was some four months late, and his responses to interrogatories and requests for admission, likewise, were late, and furnished after the filing of the instant motion, discovery does appear finally to have been produced. Any deficiencies in those responses must be raised in another telephonic conference with the court before further discovery motions may be filed.

Because this court must consider the imposition of less drastic sanctions before dismissal as a discovery sanction, and because the inattention to this case rests entirely at the feet of plaintiff's counsel (as opposed to the plaintiff herself), in the interest of having this case proceed on the merits, the defendant's request to dismiss this case as a discovery sanction is **DENIED**. However, pursuant to Rule 37(a)(4), FED. R. CIV. P., it is hereby **ORDERED** that plaintiff's *counsel* shall pay to the defendant the reasonable expenses, including attorney's fees necessitated by the filing of the Motion to Compel. It is hereby **ORDERED** that, within ten (10) days of the entry of this Order, defense counsel shall file appropriate affidavits and time records supporting an award of expenses and fees related to its motion (Docket No. 14).

It is so **ORDERED**.

ENTER this 20th day of November 2007.

                                                ALETA A. TRAUGER
                                                U.S. District Judge