UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE COOPER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-0018 |
| ) | Judge Trauger |
| v. ) | |
| ) | Magistrate Judge Griffin |
| WYNDHAM VACATION RESORTS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

The defendant has filed a Motion for Summary Judgment (Docket No. 42), to which the plaintiff has responded (Docket No. 47), and the defendant has replied (Docket No. 49). For the reasons discussed herein, the defendant's motion will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Connie Cooper began working as a sales representative for defendant Wyndham Vacation Resorts, Inc. in March 2005.[1] Ms. Cooper served as an at-will employee. In the following seven months, Ms. Cooper received three verbal warnings and two Notices of Corrective Action regarding her attendance record. Ms. Cooper was the only sales representative on her sales team to receive such a notice, perhaps because she had the worst

---

[1] Unless otherwise noted, the facts have been drawn from the plaintiff's Complaint (Docket No. 1, Ex. A), the plaintiff's Response to the defendant's Motion for Summary Judgment (Docket No. 47), and the defendant's Statement of Undisputed Material Facts (Docket No. 44), in accordance with the court's task in analyzing a motion for summary judgment to determine whether the "nonmoving party [has] come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added)). As plaintiff has failed to respond to defendant's Statement of Undisputed Material Facts, the court accepts them as admitted for purposes of summary judgment. LR 56.01(g).

attendance record of anyone on her team.  Upon receiving each notice, Ms. Cooper was advised that further absences could result in her termination.

Ms. Cooper missed thirty-eight days of work in the period from November 2005 to January 2006 as the result of surgery and related recovery following diagnosis of a non-work related hand disorder.  She returned to work for a few days in late January, then missed more work starting February 1 after she was diagnosed with bronchitis.  Ms. Cooper was initially excused from work by her doctor until February 6, but her doctor later changed the date to February 9 and finally excused Ms. Cooper indefinitely until her condition improved.  On February 9, Ms. Cooper came to Wyndham's office, informed her supervisor that she had tested her office for mold, and filled out a workers' compensation complaint for the Tennessee Department of Labor.  The mold test was inconclusive.  On February 14, Ms. Cooper requested medical leave of absence for temporary disability.  On February 24, she presented Wyndham with a letter from her allergist that stated that she tested positive for mold allergies and that significant exposure to such molds in the workplace would exacerbate her condition.  (Docket No. 44, Ex. 2 at p. 48)

On March 6, the Tennessee Department of Labor denied Ms. Cooper's workers' compensation claim, holding that the evidence was insufficient to prove exposure to mold in the workplace.  On March 16, Ms. Cooper's request for disability leave was similarly denied.  As of March 16, Ms. Cooper had missed forty-four days of work.

Wyndham's absentee policy states that employees who are eligible for neither workers' compensation nor disability or Family and Medical Leave Act (FMLA) leave can take up to a thirty day leave of absence for personal or medical reasons.  If the employee does not return after

2

Case 2:07-cv-00018   Document 50   Filed 07/24/08   Page 2 of 12 PageID #: 929

thirty days, he is administratively terminated. Ms. Cooper was ineligible for FMLA leave, her workers' compensation and disability leave claims were denied, and she had missed more than thirty days of work. On March 16, Wyndham sent a letter to Ms. Cooper informing her that she was on unapproved leave and would thus be fired if she did not return to work by March 21. On March 17, Wyndham spoke to Ms. Cooper on the telephone and repeated this message. Wyndham fired Ms. Cooper when she did not return to work on March 21.

In the letter informing her of the termination, as well as in a subsequent conversation, Wyndham told Ms. Cooper that she could reapply to work at Wyndham upon her recovery. Ms. Cooper's supervisor told her that she would be "one of the first he would hire" if she decided to reapply. (Docket No. 44 at p.14, no. 56) Ms. Cooper has not reapplied to work at Wyndham.

A subsequent mold test of Wyndham's sales offices did not reveal the type of mold to which Ms. Cooper is allergic. In May, the Tennessee Department of Labor denied Ms. Cooper's administrative appeal of the denial of initial her workers' compensation claim.

On March 25, 2007, Ms. Cooper filed suit in the Circuit Court of Cumberland County, Tennessee, alleging that Wyndham discharged her in retaliation for filing a workers' compensation claim. (Docket No. 1, Ex. A) On April 25, 2007, Wyndham removed the case to this court. (Docket No. 1) On April 27, 2008, Wyndham filed a motion for summary judgment. (Docket No. 42)

## ANALYSIS

**I.  Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative,"

4

or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Hill v. White*, 190 F.3d 427, 430 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 247-49).

## II. The Retaliatory Discharge Claim

Tennessee recognizes a cause of action for retaliatory discharge following an employee's claim for workers' compensation. *E.g.*, *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 444 (Tenn. 1984). In order to make out a *prima facie* case for retaliatory discharge, a plaintiff employee must prove that (1) she was an employee of the defendant at the time of the injury, (2) she made a claim against the defendant for workers' compensation benefits, (3) the defendant terminated her employment, and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate her employment. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993). The first three elements are not in dispute. As Ms. Cooper fails to provide evidence that her workers' compensation claim was a substantial factor in her termination, however, the court will grant Wyndham's motion for summary judgment.

In order to meet the substantial factor requirement, a plaintiff must show either direct or "compelling circumstantial" evidence of a causal connection between the workers' compensation claim and the termination, not just the fact that the latter followed the former. *Frizzell v. Mohawk Indus.*, No. M2004-01598-COA-R3-CV, 2006 Tenn. App. LEXIS 321, at *10 (Tenn. Ct. App. May 15, 2006) (citing *Thomason v. Better-Bilt Aluminum Prods., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992)). As courts have emphasized that the cause of action for retaliatory discharge is "a narrow exception to the employment at will doctrine," the evidence of causation

5

must be compelling.  *Abraham v. Cumberland-Swan, Inc.*, No. 01A01-9201-CH-000321992 Tenn. App. LEXIS 739, at *9, *16 (Tenn. Ct. App. Aug. 28, 1992).  As such, courts have consistently held that temporal proximity between the claim and the termination is not by itself sufficient.  *E.g.*, *Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646, 648 (Tenn. 1995) (holding that the fact that plaintiff was fired three weeks after receiving workers' compensation was not sufficient evidence of a causal relationship).

While not alone sufficient, "temporal proximity *plus other circumstantial evidence* of causation" can present a *prima facie* case for retaliation.  *Craig v. Porter Cable/Delta*, No. 1:05-1018-T-An, 2006 U.S. Dist. LEXIS 21790, at *25 (W.D. Tenn. Apr. 17, 2006).  In *Newcomb v. Kohler Co.*, the court set forth a variety of factors that, together with temporal proximity, could present sufficient circumstantial evidence of causation, including "the expression of a negative attitude by the employer toward an employee's injury, the employer's failure to adhere to established company policy, discriminatory treatment when compared to similarly situated employees, [or] sudden and marked changes in an employee's performance evaluations after a workers' compensation claim."  222 S.W.3d 368, 391 (Tenn. Ct. App. 2006) (citing *Flint Constr. Co. v. Hall*, 904 So. 2d 236, 248 (Ala. 2004)).  The *Newcomb* plaintiff provided evidence that he was harassed about his injury, including testimony that his supervisors were told to keep an eye on him and to look for an excuse to fire him after he filed a workers' compensation claim.  *Id.* at 391-92.  The plaintiff also presented evidence that his employer failed to follow the process set out in the company handbook for enforcing company policy.  *Id.* at 394-95.

Temporal proximity may also serve as evidence of causation if the plaintiff's prior job

6

performance was otherwise satisfactory. *E.g.*, *Conatser*, 920 S.W.2d at 648. The court reversed summary judgment for the defendant in *Smith v. Bridgestone/Firestone, Inc.*, in which the plaintiff was fired three weeks after filing a workers' compensation claim for allegedly violating plant policy, in part because the plaintiff had never before violated plant policy or been disciplined. 2 S.W.3d 197, 198-99 (Tenn. Ct. App. 1999). By contrast, the court in *Birchett v. The Nashville Co.* held that a plaintiff who had been fired two weeks after filing a workers' compensation claim did not prove a causal connection because she had also missed thirty-two days of work in the previous two months. No. M1999-00207-COA-R3-CV, 2000 Tenn. App. LEXIS 322, at *8 (Tenn. Ct. App. May 19, 2000). Even though the plaintiff had worked for the defendant for thirty years, the court found that the thirty-two missed days were "overwhelming evidence that plaintiff was not performing her job satisfactorily." *Id.*

The court in *Newcomb* also suggested that evidence that the defendant's stated reason for firing a plaintiff was false can establish cause. 222 S.W.3d at 391; *see also Bennett v. Ermco Components, Inc.*, No. 07-2305, 2008 U.S. Dist. LEXIS 26292, at *11 (W.D. Tenn. Mar. 28, 2008). In *Bennett*, the defendant company claimed to have fired the plaintiff for lying about a prison record rather than for filing a workers' compensation claim, but the plaintiff provided evidence that the company knew about his record when he was hired. *Id.* at *4. Likewise, the defendant in *Bridgestone/Firestone* stated that it fired plaintiff because he violated plant policy by leaving the premises during the work day, but the parties disputed whether the alleged violation had even occurred. 2 S.W.3d at 204. The plaintiff also presented evidence that his manager had never before fired an employee for leaving the premises. *Id.*

Without additional evidence, an employee's subjective belief or speculation that a causal

7

connection exists will not defeat summary judgment.  *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 685 (Tenn. Ct. App. 1999).  Rather, a plaintiff must present evidence that is sufficiently compelling to support an inference of retaliation.  *Id.* at 686.  In *Reed*, the plaintiff testified that she "believe[d] in [her] heart" that she was fired for filing a workers' compensation claim.  *Id.* at 685.  The court found this evidence to be insufficient.  *Id.* at 686.

Ms. Cooper fails to provide evidence that a causal connection exists between her claim for workers' compensation and Wyndham's decision to fire her.  She stresses the fact that she was fired five days after "receiving notice from the state of its administrative determination." (Docket No. 47 at p. 3)  However, Wyndham did not fire Ms. Cooper until five weeks after she filed the workers' compensation complaint and sixteen days after that claim was denied.[2]  The five days actually refers to the time in between the denial of her disability leave claim, which is separate from workers' compensation, and her termination.  Nonetheless, courts have consistently held that temporal proximity alone is not sufficient to prove retaliatory intent.  *E.g.*, *Conatser*, 920 S.W.2d at 648.

Ms. Cooper provides no evidence of any of the *Newcomb* factors that, along with proximity, may show causation.  Unlike the plaintiff in *Newcomb*, Ms. Cooper does not allege that Wyndham harassed her about her illness or deviated from company policy.  Nor does she allege that Wyndham treated her differently than similarly situated co-workers.  Further, Ms. Cooper presents no evidence that Wyndham's stated reason that she was fired for violating

---

[2]Moreover, unlike the plaintiffs in *Conatser*, *Frizzell*, *Bridgestone/Firestone*, or *Newcomb* who actually received workers' compensation, Ms. Cooper's claim was denied, which presumably gave Wyndham less of a motive to retaliate.

8

company absentee policy is false.[3]  Unlike the plaintiff in *Bridgestone/Firestone* whose violation of company policy was in dispute, 2 S.W.3d at 198-99, Ms. Cooper's excessive absences are undisputed.  While Bridgestone/Firestone had never previously fired an employee for leaving plant premises, *id.* at 204, Ms. Cooper has presented no evidence that Wyndham had never fired an employee due to a violation of its absentee policy.

While temporal proximity may serve as evidence of retaliation if the plaintiff's prior job performance was otherwise satisfactory, that exception is inapplicable here.  Unlike the plaintiff in *Bridgestone/Firestone* who had never been disciplined, *id.* at 198-99, Ms. Cooper has received numerous disciplinary actions.  Even though she apparently received a positive performance evaluation prior to her illness, Ms. Cooper admits that she had also received two written and several verbal warnings regarding her absenteeism, the worst record among her sales team.  Further, the evaluation to which Ms. Cooper refers occurred three months before her termination and thus before her string of forty-nine consecutive absences.  Even assuming that the positive evaluation meant that Wyndham found Ms. Cooper's job performance satisfactory despite her previous absenteeism, the forty-nine missed days are even greater than the thirty-two missed days which the *Birchett* court considered "overwhelming evidence" of non-satisfactory job performance, 2000 Tenn. App. LEXIS 322, at *8.

In addition to addressing Ms. Cooper's failure to present evidence of causation,

---

[3] Plaintiff intimates that defendant wanted to fire her before she became eligible for FMLA leave.  However, this argument is not presented in any detail, nor is it relevant to whether she was fired because she filed a workers' compensation claim.  As the Tennessee Court of Appeals colorfully put it recently, "that's a different kettle of fish than a retaliatory discharge case." *Jaime v. Am. Water Heater Co.*, No. E2005-00907-COA-R3-CV, 2006 Tenn. App. LEXIS 46, at * 12 (Tenn. Ct. App. Jan. 24, 2006).

9

Wyndham points to evidence in the record that contradicts a causal connection. Courts have found that evidence of a defendant's willingness to have the plaintiff return to work serves to undercut an argument for retaliatory intent. *See Johnson v. St. Francis Hosp., Inc.*, 759 S.W.2d 925, 928 (Tenn. Ct. App. 1988). The court in *Johnson* found persuasive the fact that "defendant made further inquiry with plaintiff's doctor to see if and when plaintiff could return to work." *Id.* Similarly, the court in *Greene v. Dialysis Clinic* granted summary judgment for the defendant on a retaliatory discharge claim in part because the defendant invited the fired plaintiff to reapply for a position when one became available. 159 F. Supp. 2d 228, 240 (W.D.N.C. 2001). Further, the defendant employer in *Johnson* attempted to convince the plaintiff to take a leave of absence after incurring his workers' compensation-covered injuries so that defendant would not have to fire him due to missed work. 759 S.W.2d at 927. An employer who intended to retaliate against an employee for filing a workers' compensation claim presumably would not invite that employee back to work.

The fact that Wyndham suggested that Ms. Cooper could later reapply for a job undercuts her claim of retaliation. Like the defendant in *Johnson* who suggested that the plaintiff take an unpaid leave of absence to avoid termination, *id.*, Ms. Cooper's supervisors may have suggested that she voluntarily quit her job and reapply when her medical problems subsided, a process that would be easier than rehiring her after termination. (Cooper Dep., Docket No. 44, Ex. 1 at p. 13-14) Like the defendants in *Greene* who invited the fired employee to reapply for a position with them, 159 F. Supp. 2d at 240, Ms. Cooper's supervisors advised her in both written and verbal communications after she was fired that she could reapply to work at Wyndham when she recovered and suggested that she had a good chance of being rehired. Just as the *Johnson*

10

defendant contacted plaintiff's doctors about her ability to get back on the job, 759 S.W.2d at 928, so did Wyndham express a willingness to have Ms. Cooper, the person they allegedly sought to retaliate against, return to their employ.  The court in *Johnson* found this willingness significant in its holding that the plaintiff had not shown a causal connection between his workers' compensation claim and his termination, *id.*, and so does this court.  Because Ms. Cooper has failed to show evidence of causation and Wyndham has proffered evidence undermining her argument for causation, the court will grant summary judgment on the retaliatory discharge claim.

### III.    Legitimate, Non-Pretextual Reason

If a plaintiff manages to present a *prima facie* case, the defendant then bears the burden of proving that it had a "legitimate non-pretextual reason for the employee's discharge." *Anderson*, 857 S.W.2d at 559.  However, when the plaintiff fails to make a *prima facie* case, the "'burden shifting complexities' related to the defendant's proffered 'legitimate non-pretextual reason' never occur." *Jaime v. Am. Water Heater Co.*, No. E2005-00907-COA-R3-CV, 2006 Tenn. App. LEXIS 46, at *13 (Tenn. Ct. App. Jan. 24, 2006) (citing *Morris v. Columbia Constr. Co.*, 109 S.W.3d 314, 315 (Tenn. Ct. App. 2003).  As Ms. Cooper has failed to provide evidence of a causal connection between her workers' compensation claim and her termination, the court need not examine the shifting burdens.

### **CONCLUSION**

11

For the reasons stated herein, the defendant's Motion for Summary Judgment will be granted.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge